UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL REINSURANCE CORP.,<br><br>    Defendant.<br>_____/ | No. C-03-4406 JCS<br><br>**ORDER DENYING MOTION TO AMEND THE JUDGMENT, FINDINGS OF FACT AND CONCLUSIONS OF LAW; OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL [Docket No. 118]** |

## I.   INTRODUCTION

Following a bench trial, Defendant General Reinsurance Corp. ("Gen Re") brings a Motion to Amend the Judgment, Findings of Fact and Conclusions of Law; or in the Alternative, Motion for a New Trial ("Motion").  Pursuant to Civil Local Rule 7-1(b), the Court determines that the Motion is suitable for determination without oral argument.  For the reasons stated below, the Motion is DENIED.

## II.   BACKGROUND

In this action, the parties dispute whether declaratory judgment expenses ("DJ expenses") are covered under certain reinsurance certificates ("the Certificates") issued to Fireman's Fund Insurance Company ("Fireman's Fund") by Gen Re.  Following a bench trial, the Court held that DJ expenses are covered, concluding that the language used in the Certificates is ambiguous but that there was a custom and practice in the reinsurance industry during the relevant period of paying such expenses and Gen Re had, at a minimum, constructive notice of that practice.  The Court rejected Gen Re's assertion that Plaintiffs' claims as to at least some of the DJ expenses were barred on the basis of the statute of limitations.

In the Motion, Gen Re seeks an order altering the judgment or granting a new trial, arguing that the Court erred in finding that: 1) the DJ expenses were covered; 2) there was a custom and practice in the reinsurance industry of paying such expenses; 3) Gen Re had constructive and actual knowledge of any such custom or practice; and 4) the statute of limitations did not bar Plaintiff's claims as to certain billings.

**II.   ANALYSIS**

Pursuant to Rules 52(b) and Rule 59 (a)(2) of the Federal Rules of Civil Procedure, following a bench trial the court may amend its findings or a judgment, or grant a new trial, on the following grounds: 1) manifest error of law; 2) manifest error of fact; or 3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (Rule 59); *see also Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986) (Rule 52(b)). Gen Re relies on the first two grounds. First, it argues that a number of the Court's factual findings are against the clear weight of the evidence. Second, Gen Re implicitly takes the position that the Court committed manifest legal error when it concluded that under *Caner v. Owners Realty Co.*, 33 Cal. App. 479 (Cal. Ct. App. 1917), all of the amounts sought by Fireman's Fund were due within a reasonable time. Rather, Gen Re asserts that with respect to billings in which the invoices were marked "balance due" or "balance due upon receipt," the statute of limitations began to run when those invoices were received and therefore, many of the amounts sought are barred by the statute of limitations.

With respect to the Court's findings of fact, Gen Re has not pointed to any evidence in the record that persuades the Court that its findings were erroneous. Rather, Gen Re has repeated the arguments made in its briefs and at oral argument, which the Court has already rejected. For the reasons stated in the Court's Findings of Fact and Conclusions of Law, the Court concludes that the evidence is sufficient to support the findings challenged by Gen Re.

The Court also rejects Gen Re's assertion that it committed legal error when it found, based on *Caner*, that none of the amounts sought was barred under the statute of limitations. Under California law, the limitation period begins to run at the point when the cause of action is complete and the party has a right to sue. *McGuire v. Hibernia Sav. & Loan Soc'y*, 23 Cal. 2d 719, 733 (1944). In *Caner*, the court held that where the contract does not specify a time period for

performance, performance must occur within a "reasonable time." 33 Cal. App. at 481. The Court concludes that that rule applies here. Indeed, Gen Re does not dispute that the Certificates do not specify a date of performance with respect to payments. Further, when asked about its statute of limitations position at trial, Gen Re did not dispute that the invoices themselves are not contracts. Rather, Gen Re essentially conceded that the invoices marked "balance due" or "balance due on receipt" were due in a reasonable time. In particular, the following exchange occurred:

> COURT: Would you address the statute of limitations argument because I am troubled by that. . . . It's transparent to me that the invoices are not the contract. The contract is the contract. And the contract doesn't have a payment time. And if somebody never says, we're not going to pay you, when does the claim accrue?
>
> GEN RE: I think the invoice itself in most instances said due upon receipt.
>
> COURT: But that doesn't trigger an obligation, does it? That's not the contract. The invoice is not the contract, correct?
>
> GEN RE: I think the invoice – I think you don't have to pay until you get billed. And then after you get billed you have to pay. It says there in the language, due upon receipt or within a reasonable time thereafter. . . .
>
> . . .
>
> COURT: My question is this. . . .You get an invoice, okay. You get it at a particular time. Obviously there couldn't have been a breach before you got that invoice because you hadn't gotten even notice that the payment was due. And then you never say we're not going to pay that portion of the invoice. You don't say that. What you say is our position on coverage is well-known in the industry and we don't think these kinds of expenses are included, and lets go, lets have a negotiation about it. You never say, no, we are not going to pay that. Does that mean you are not in breach of the contract?
>
> GEN RE: *I think that the answer is that it's some sort of reasonable period of time. . . .*

Trial Transcript at 67-68 (emphasis added). Therefore the Court rejects Gen Re's assertion that the Court committed legal error in rejecting Gen Re's statute of limitations argument.[1]

---

[1] The Court notes that Gen Re does not challenge in its Motion the Court's determination that under the circumstances, a "reasonable period" for accrual of a cause of action was no less than four years.

3

**IV. CONCLUSION**

The Motion is DENIED.

IT IS SO ORDERED.

Date: January 17, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge